| B 104 (Rev. 8/87) | **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|---|---|

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| JULIE ANN BECKER | UNITED STATES DEPARTMENT OF EDUCATION, CALIFORNIA SCHOOL OF PROFESSIONAL PSYCHOLOGY, AND MERRIMACK COLLEGE |

```
Case # : 00-90330-AD0-A7
Name   : BECKER V. US DEPT. OF EDUCATION
Chapter: AD0
Filed  : May 26, 2000  14:54:58
Deputy : S DAHL
Receipt: 136354
Amount : $0.00
```

| **ATTORNEYS** (Firm Name, Address, and Telephone No.) 234-9181<br>Luke R. Corbett<br>LINDLEY, SCALES & CORBETT, APC<br>550 West C St., Ste 1800<br>San Diego, CA 92101 | **ATTORNEYS** (If Known) |
|---|---|

**PARTY** (Check one box only)   ☐ 1 U.S. PLAINTIFF   ☒ 2 U.S. DEFENDANT   ☐ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
To determine dischargeability of debts under 11 U.S.C. §523(a)(8)

**ASSIGNED TO JUDGE LOUISE DECARL ADLER**

### NATURE OF SUIT
(Check the one most appropriate box only.)

- ☐ 454 To Recover Money or Property
- ☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property
- ☐ 458 To obtain approval for the sale of both the interest of the estate and of a co-owner in property
- ☐ 424 To object or to revoke a discharge 11 U.S.C. §727
- ☐ 455 To revoke an order of confirmation of a Chap. 11 or Chap. 13 Plan
- ☒ 426 To determine the dischargeability of a debt 11 U.S.C. §523
- ☐ 434 To obtain an injunction or other equitable relief
- ☐ 457 To subordinate any allowed claim or interest except where such subordination is provided in a plan
- ☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action
- ☐ 459 To determine a claim or cause of action removed to a bankruptcy court
- ☐ 498 Other (specify)

**ORIGIN OF PROCEEDINGS** (Check one box only.)   ☒ 1 Original Proceeding   ☐ 2 Removed Proceeding   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another Bankruptcy Court   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

| **DEMAND** | **NEAREST THOUSAND** $ | **OTHER RELIEF SOUGHT** Discharge of indebtedness | ☐ **JURY DEMAND** |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| **NAME OF DEBTOR** Julie Ann Becker | **BANKRUPTCY CASE NO.** 00-02030-LA7 | | |
|---|---|---|---|
| **DISTRICT IN WHICH CASE IS PENDING** Southern District of Calif. | **DIVISIONAL OFFICE** | | **NAME OF JUDGE** Adler |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
|---|---|---|
| | | |
| **DISTRICT** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |

**FILING FEE** (Check one box only.)   ☐ FEE ATTACHED   ☒ FEE NOT REQUIRED   ☐ FEE IS DEFERRED

| **DATE** May 25, 2000 | **PRINT NAME** Luke R. Corbett | **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** |
|---|---|---|

## ADVERSARY PROCEEDING COVER SHEET (Reverse Side)

This cover sheet must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney) and submitted to the Clerk of the court upon the filing of a complaint initiating an adversary proceeding.

The cover sheet and the information contained on it *do not* replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. This form is required for the use of the clerk of the court to initiate the docket sheet and to prepare necessary indices and statistical records. A separate cover sheet must be submitted to the clerk of the court for each complaint filed. The form is largely self explanatory.

**Parties.** The names of the parties to the adversary proceeding *exactly* as they appear on the complaint. Give the names and addresses of the attorneys if known. Following the heading "Party," check the appropriate box indicating whether the United States is a party named in the complaint.

**Cause of Action.** Give a brief description of the cause of action including all federal statutes involved. For example, "Complaint seeking damages for failure to disclose information, Consumer Credit Protection Act, 15 U.S.C. §1601 et seq.," or "Complaint by trustee to avoid a transfer of property by the debtor, 11 U.S.C. §544."

**Nature of Suit.** Place an "X" in the appropriate box. Only one box should be checked. If the cause fits more than one category of suit, select the most definitive.

**Origin of Proceedings.** Check the appropriate box to indicate the origin of the case:

       1. Original Proceeding.
       2. Removed from a State or District Court.
       4. Reinstated or Reopened.
       5. Transferred from Another Bankruptcy Court.

**Demand.** On the next line, state the dollar amount demanded in the complaint in thousands of dollars. For $1,000 enter "1," for $10,000 enter "10", for $100,000 enter "100," if $1,000,000, enter "1000." If $10,000,000 or more, enter "9999." If the amount is less than $1,000, enter "0001." If no monetary demand is made, enter "XXXX." If the plaintiff is seeking non-monetary relief, state the relief sought, such as injunction or foreclosure of a mortgage.

**Bankruptcy Case in Which This Adversary Proceeding Arises.** Enter the name of the debtor and the docket number of the bankruptcy case from which the proceeding now being filed arose. Beneath, enter the district and divisional office where the case was filed, and the name of the presiding judge.

**Related Adversary Proceedings.** State the names of the parties and the six digit adversary proceeding number from any adversary proceeding concerning the same two parties or the same property currently pending in any bankruptcy court. On the next line, enter the district where the related case is pending, and the name of the presiding judge.

**Filing Fee.** Check one box. The fee must be paid upon filing unless the plaintiff meets one of the following exceptions. The fee is not required if the plaintiff is the United States government or the debtor. If the plaintiff is the trustee or a debtor in possession, and there are no liquid funds in the estate, the filing fee may be deferred until there are funds in the estate. (In the event no funds are ever recovered for the estate, there will be no fee). There is no fee for adding a party after the adversary proceeding has been commenced.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the right of the last line of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is *pro se*, that is, not represented by an attorney, the plaintiff must sign.

The name of the signatory must be printed in the box to the left of the signature. The date of the signing must be indicated in the box on the far left of the last line.

```
1   LUKE R. CORBETT, ESQ. (Bar No. 030071)
    LINDLEY, SCALES & CORBETT
2   A Professional Corporation
    550 West "C" Street, Suite 1800
3   San Diego, CA  92101
    Tel:  (619) 234-9181
4   Fax:  (619) 234-8475

5   Attorneys for debtor, Julie Ann Becker
```

Case # : 00-90330-ADO
Name   : BECKER V. US DEPT. OF EDUCATION
Chapter: ADO

Filed   : May 26, 2000  14:54:50
Deputy  : S DAHL
Receipt : 136354
Amount  : $0.00

ASSIGNED TO
JUDGE LOUISE DECARL ADLER

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>JULIE ANN BECKER,<br><br>      Debtor.<br><br>ADDRESS:  11917 ORCHARD ROAD, #20<br>            LAKESIDE, CA  92040<br><br>SOCIAL SECURITY #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<br><br>JULIE ANN BECKER,<br><br>      Plaintiff,<br><br>      v.<br><br>UNITED STATES DEPARTMENT OF<br>EDUCATION, CALIFORNIA SCHOOL OF<br>PROFESSIONAL PSYCHOLOGY, AND<br>MERRIMACK COLLEGE,<br><br>      Defendants. | Case No.  00-02030-LA7<br>Chapter 7<br><br>Adversary<br>Proceeding No.  1<br><br>COMPLAINT TO DETERMINE<br>DISCHARGEABILITY OF STUDENT<br>LOANS |

Julie Ann Becker, debtor herein, by her attorney, Luke R. Corbett, alleges:

### COUNT ONE

1.  This is a core proceeding over which this court has jurisdiction under 28 U.S.C. § 157(b).

-1-

**ORIGINAL**

2.  Plaintiff is the debtor in this chapter 7 case. The United States Department of Education is a creditor of plaintiff.

3.  Plaintiff is informed and believes that she is indebted to the United States Department of Education in the amount of at least $53,461.68 for educational loans made by defendant United States Department of Education to plaintiff.

4.  The debt from plaintiff to the United States Department of Education is dischargeable under 11 U.S.C. § 523(a)(8) because excepting the debt from discharge would subject the debtor and her dependent to undue hardship.

**COUNT TWO**

5.  This is a core proceeding over which this court has jurisdiction under 28 U.S.C. § 157(b).

6.  Plaintiff is the debtor in this chapter 7 case. Defendant California School of Professional Psychology is a creditor of plaintiff.

7.  Plaintiff is informed and believes that she is indebted to California School of Professional Psychology in the amount of at least $28,179.87 for educational loans made by defendant California School of Professional Psychology to plaintiff.

8.  The debt from plaintiff to defendant California School of Professional Psychology is dischargeable under 11 U.S.C. § 523(a)(8) because excepting the debt from discharge would subject the debtor and her dependent to undue hardship.

**COUNT THREE**

9.  This is a core proceeding over which this court has jurisdiction under 28 U.S.C. § 157(b).

-2-

10. Plaintiff is the debtor in this chapter 7 case. Defendant Merrimack College is a creditor of plaintiff.

11. Plaintiff is informed and believes that she is indebted to Merrimack College in the amount of at least $5,000.00 for educational loans made by defendant Merrimack College to plaintiff.

12. The debt from plaintiff to defendant Merrimack College is dischargeable under 11 U.S.C. § 523(a)(8) because excepting the debt from discharge would subject the debtor and her dependent to undue hardship.

### COUNT FOUR

13. This is a core proceeding over which this court has jurisdiction under 28 U.S.C. § 157(b).

14. Plaintiff is the debtor in this chapter 7 case. Defendant California School of Professional Psychology is a creditor of plaintiff.

15. Plaintiff is informed and believes that she is indebted to California School of Professional Psychology in the amount of at least $20,467.56 for educational loans made by defendant California School of Professional Psychology to plaintiff.

16. The debt from plaintiff to defendant California School of Professional Psychology is dischargeable under 11 U.S.C. § 523(a)(8) because excepting the debt from discharge would subject the debtor and her dependent to undue hardship.

WHEREFORE, plaintiff prays that the court determine that the debts of the United States Department of Education, California School of Professional Psychology, and Merrimack College are discharged; that the court enter judgment to that effect; and

-3-

LINDLEY, SCALES & CORBETT
A PROFESSIONAL CORPORATION
SUITE 1800
550 WEST "C" STREET
SAN DIEGO, CA 92101
(619) 234-9181

In re: JULIE ANN BECKER
CASE No. 00-02030-LA7, Adversary Proceeding No. 1
COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS    G:\6526\CourtDocs\Complaint.wpd

1  that plaintiff have such other and further relief as the court
2  deems proper.
3  Dated: May 25, 2000

*[signature]*

Luke R. Corbett
Lindley, Scales & Corbett
550 West C Street, Suite 1800
San Diego, CA  92101
Phone:  619-234-9181

LINDLEY, SCALES
& CORBETT
A PROFESSIONAL CORPORATION
SUITE 1800
550 WEST "C" STREET
SAN DIEGO, CA 92101
(619) 234-9181

-4-

In re: JULIE ANN BECKER
CASE No. 00-02030-LA7, Adversary Proceeding No. 1
COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS

G:\6526\CourtDocs\Complaint.wpd